UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VERNON JEWEL,

    Plaintiff,

v.                                              Case No: 8:16-cv-2120-T-36JSS

FLORIDA DEPARTMENT OF REVENUE,
DISTRICT OF COLUMBIA and STATE
OF FLORIDA,

    Defendants.
_____/

## ORDER

THIS MATTER is before the Court on Plaintiff's Motion for Entry of Clerk's Default ("Motion"). (Dkt. 26.) Plaintiff moves for entry of a clerk's default against all Defendants, the Florida Department of Revenue, the District of Columbia, and the state of Florida, arguing that Defendants' deadline to respond to this action was October 3, 2016. (Dkt. 26.) Upon consideration, the Motion is denied because Plaintiff failed to establish that he has properly served Defendants.

**APPLICABLE STANDARDS**

Federal Rule of Civil Procedure 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "In order to obtain a Clerk's Default, the Plaintiff must show that the service of process was effectual upon the Defendants." *Manheim Auto. Fin. Servs., Inc. v. Info. Matrix Techs., Inc.*, No. 2:12-CV-360-FTM-29, 2012 WL 3947207, at *1 (M.D. Fla. Sept. 10, 2012).

**ANALYSIS**

Plaintiff sues the Florida Department of Revenue, the District of Columbia, and the state of Florida. (Dkt. 1.) On December 12, 2016, Plaintiff filed a "Verification of service," in which Plaintiff states that "[s]ervice of summons" was delivered on December 12, 2016, to President Barack Obama, Governor Rick Scott, and Mayor Muriel Bowser. (Dkt. 22.) Although Plaintiff signed this verification, it is not notarized. (Dkt. 22.) Plaintiff also filed photocopies of U.S. Certified Mail receipts addressed to Governor Scott, the "White House," and Mayor Bowser. (Dkts. 23–25.)

To effect service on a state, a municipal corporation, or any other state-created governmental organization, a plaintiff must either "deliver[] a copy of the summons and of the complaint to its chief executive officer" or "serv[e] a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2).

Thus, the first option for service under Rule 4(j)(2) is delivering a copy of the summons and complaint to the state's chief executive officer. Fed. R. Civ. P. 4(j)(2)(A). The Florida Constitution provides that "[t]he supreme executive power shall be vested in a governor." Art. IV, § 1, Fla. Const. Thus, to serve the state of Florida and the Florida Department of Revenue, a "state-created governmental organization," Plaintiff must deliver a copy of the summons and complaint to Governor Scott. Here, Plaintiff stated that he "served" the summons on Governor Scott (Dkt. 22) and has filed a copy of a Certified Mail receipt addressed to Governor Scott. (Dkt. 23.) Plaintiff's mailing is deficient for two reasons. First, he states that he served the summons to Governor Scott and does not state that he included a copy of the complaint, which is required by Rule 4(j)(2)(A). Second, "[m]ailing is not 'delivering' under Federal Rule of Civil Procedure 4." *Morris v. City of Orlando*, No. 6:10-CV-233-ORL, 2010 WL 2836623, at *2 (M.D. Fla. July 19,

2010) (holding that plaintiff's "mailing a copy of the complaint and summons to the City Attorney by certified mail, return receipt requested, does not constitute 'delivering a copy of the summons and of the complaint to its chief executive officer' pursuant to Federal Rule of Civil Procedure 4(j)(2)(A)"); *E. Shore Marine, Inc. v. Smith*, No. CIV. A. 08-0022-WS-B, 2008 WL 697716, at *2 (S.D. Ala. Mar. 10, 2008) ("'Delivery' under Rule 4 requires personal delivery, not mailing."). Accordingly, service was not shown to be effected on the state of Florida or Florida Department of Revenue under Rule 4(j)(2)(A).

Under the laws of the District of Columbia, "[t]he executive power of the District shall be vested in the Mayor who shall be the chief executive officer of the District government." § 1-204.22, D.C. Code (2016). Thus, Plaintiff must "deliver[] a copy of the summons and of the complaint" to the Mayor of the District Columbia, Mayor Bowser, to effect service. *See* Fed. R. Civ. P. 4(j)(2)(A). Plaintiff's mailing to Mayor Bowser suffers the same deficiencies as his mailing to Governor Scott. First, although Plaintiff states he "served" the summons on Mayor Bowser (Dkt. 22), there is no indication that he included a copy of the complaint, as required by Rule 4(j)(2)(A). Second, Plaintiff's mailing to Mayor Bowser (Dkts. 22, 25), does not constitute "delivery" under Rule 4(j)(2)(A). *See Morris*, 2010 WL 2836623, at *2. Accordingly, Plaintiff has not established that he perfected service on the District of Columbia under Rule 4(j)(2)(A).

The second option for service under Rule 4(j)(2) is to serve a copy of the summons and complaint in the manner prescribed by the state's law. Fed. R. Civ. P. 4(j)(2)(B). Under Florida law, with regard to suing the state of Florida, "[w]hen the state has consented to be sued, process against the state shall be served on the state attorney or an assistant state attorney for the judicial circuit within which the action is brought and by sending two copies of the process by registered or certified mail to the Attorney General." § 48.121, Fla. Stat. (2016). As to the Department of

Revenue, "process against the department shall be served on the executive director of the department." § 48.111(3), Fla. Stat. (2016).  Plaintiff mailed a summons to Governor Rick Scott (Dkts. 22, 23), which does not satisfy service of process on either the state of Florida or the Florida Department of Revenue under the applicable Florida statutes.

Under the laws of the District of Columbia, "[i]n suits commenced after June 20, 1874, against the District of Columbia, process may be served on the Mayor of the District of Columbia, until otherwise provided by law." § 2-401, D.C. Code (2016).  **"**Service shall be made upon the District of Columbia by delivering (pursuant to paragraph (c)(2)) or mailing (pursuant to paragraph (c)(3)) a copy of the summons, complaint and initial order to the Mayor of the District of Columbia (or designee) and the Corporation Counsel of the District of Columbia (or designee)." D.C. Super. Ct. R. Civ. P. 4(j)(1).  Service "also may be effected by mailing a copy of the summons, complaint and initial order to the person to be served by registered or certified mail, return receipt requested." D.C. Super. Ct. R. Civ. P. 4(c)(3).  Here, Plaintiff's mailing was insufficient to effect service because he did not also mail the Corporation Counsel of the District of Columbia.  Therefore, Plaintiff has not shown proof of service on any Defendant.

Accordingly, it is **ORDERED** that Plaintiff's Motion for Entry of Clerk's Default (Dkt. 26) is **DENIED** without prejudice.  Plaintiff shall have twenty (20) days from the date of this Order to serve Defendants in this case.  The failure to properly effect service shall result in dismissal of this action.

**DONE** and **ORDERED** in Tampa, Florida, on December 27, 2016.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

- 5 -

Copies furnished to:
Counsel of Record
Unrepresented Party