UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VERNON JEWEL,

      Plaintiff,

v.                                     Case No: 8:16-cv-2120-T-36JSS

FLORIDA DEPARTMENT OF REVENUE,
DISTRICT OF COLUMBIA, and STATE
OF FLORIDA,

      Defendants.
_____/

## **ORDER**

THIS MATTER is before the Court on Plaintiff's Motion for Entry of Default ("Motion"). (Dkt. 35.)  The Court construes the Motion as a motion for entry of a clerk's default pursuant to Federal Rule of Civil Procedure 55(a).  For the reasons that follow, the Motion is granted in part and denied in part.

## **APPLICABLE STANDARDS**

Federal Rule of Civil Procedure 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a). "In order to obtain a Clerk's Default, the Plaintiff must show that the service of process was effectual upon the Defendants."  *Manheim Auto. Fin. Servs., Inc. v. Info. Matrix Techs., Inc.*, No. 2:12-CV-360-FTM-29, 2012 WL 3947207, at *1 (M.D. Fla. Sept. 10, 2012).

## ANALYSIS

Plaintiff sues the Florida Department of Revenue, the District of Columbia, and the state of Florida. (Dkt. 1.) In the Motion, Plaintiff moves for entry of default, stating that the District of Columbia and the state of Florida have been served.

To effect service on a state, a municipal corporation, or any other state-created governmental organization, a plaintiff must either "deliver[] a copy of the summons and of the complaint to its chief executive officer" or "serv[e] a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2).

As to the District of Columbia, "[t]he executive power of the District shall be vested in the Mayor who shall be the chief executive officer of the District government." § 1-204.22, D.C. Code. Thus, Plaintiff must "deliver[] a copy of the summons and of the complaint" to the Mayor of the District Columbia, Mayor Bowser, to effect service. *See* Fed. R. Civ. P. 4(j)(2)(A).

On February 1, 2017, Plaintiff filed a Process Receipt and Return, in which Plaintiff stated that the District of Columbia and the state of Florida were the defendants to be served, and that service was to be effected on "Mariel Bowser." (Dkt. 33.) The U.S. Marshall certified that service was not effected because the individual to be served could not be located, because "DC refuses to serve without requestor sending payment directly to them." (Dkt. 33.) However, on February 17, 2017, Plaintiff filed a second Process Receipt and Return, stating that the District of Columbia was the defendant to be served, and that service was to be effected on "Mariel Bowser (Mayor)" at 1350 Pennsylvania Avenue NW, Washington, DC 20004. (Dkt. 36.) Under "Type of Process," Plaintiff stated "Summon/Complaint." (Dkt. 36.) The U.S. Marshal certified that personal service was effected on February 13, 2017, on a staff assistant. (Dkt. 36.)[1] Accordingly, Plaintiff effected

---

[1] Plaintiff was not required to prove service by the server's affidavit because the U.S. Marshal effected service. Fed. R. Civ. P. 4(l)(1).

service on the District of Columbia on February 13, 2017.  However, because the time for the District of Columbia to respond to Plaintiff's Complaint has not expired, Fed. R. Civ. P. 12(a), Plaintiff's request for a clerk's default against the District of Columbia is premature, and, therefore, denied without prejudice.

As to the state of Florida and the Florida Department of Revenue, the first option for service under Rule 4(j)(2) is delivering a copy of the summons and complaint to the state's chief executive officer.  Fed. R. Civ. P. 4(j)(2)(A).  The Florida Constitution provides that "[t]he supreme executive power shall be vested in a governor."  Art. IV, § 1, Fla. Const.  Thus, to serve the state of Florida and the Florida Department of Revenue, a "state-created governmental organization," Plaintiff must deliver a copy of the summons and complaint to Governor Scott.  On February 1, 2017, Plaintiff filed a Process Receipt and Return, in which Plaintiff specified the Defendant to be served as "Florida Dept of Revenue, et al," that service was to be effected on Rick Scott at 400 S. Monroe Street, Tallahassee, Florida 32399, and that the type of process was "S&C."  (Dkt. 34.) The U.S. Marshal certified that personal service was effected on January 20, 2017, on the General Counsel to the Governor.  (Dkt. 34.)  As service was effected on the state of Florida and the Florida of Revenue, and the time for these defendants to respond to Plaintiff's Complaint has elapsed, Fed. R. Civ. P. 12(a), Plaintiff's Motion is granted as to the state of Florida and the Florida Department of Revenue.

Accordingly, it is **ORDERED** that Plaintiff's Motion for Entry of Default (Dkt. 35) is **GRANTED** in part as to the state of Florida and the Florida Department of Revenue, and **DENIED**

in part, but without prejudice, as to the District of Columbia.

**DONE** and **ORDERED** in Tampa, Florida, on February 22, 2017.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Party