UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VERNON JEWEL,

    Plaintiff,

v.    Case No: 8:16-cv-2120-T-36JSS

FLORIDA DEPARTMENT OF REVENUE,
DISTRICT OF COLUMBIA and STATE
OF FLORIDA,

    Defendants.
_____/

## ORDER

THIS MATTER is before the Court on Defendants the State of Florida's and the Florida Department of Revenue's Motion to Vacate Default as to Defendants State of Florida and Florida Department of Revenue and/or Quash Service as to Defendant Florida Department of Revenue ("Motion"). (Dkt. 45.) Plaintiff has not filed a response and his time for doing so has elapsed. Upon consideration, the Motion is granted.

### BACKGROUND

Plaintiff sues the Florida Department of Revenue, the District of Columbia, and the State of Florida. (Dkt. 1.) On February 1, 2017, Plaintiff filed a Process Receipt and Return, in which Plaintiff specified the Defendant to be served as "Florida Dept of Revenue, et al," that service was to be effected on Rick Scott at 400 S. Monroe Street, Tallahassee, Florida 32399, and that the type of process was "S&C." (Dkt. 34.) The U.S. Marshal certified that personal service was effected on January 20, 2017, on the General Counsel to the Governor. (Dkt. 34.)

Plaintiff moved for entry of clerk's default against all Defendants. (Dkt. 35.) The Court granted Plaintiff's motion as to the State of Florida and the Florida Department of Revenue,

concluding that they had been served, but had not timely responded to the complaint. (Dkt. 37.) The Clerk entered defaults against the State of Florida and the Florida Department of Revenue. (Dkts. 38, 39.) In the Motion, the State of Florida and the Florida Department of Revenue move the Court for an order vacating their defaults. (Dkt. 45.)

## APPLICABLE STANDARDS

After a complaint is filed, the plaintiff must serve the defendant with the summons and a copy of the complaint within ninety days. Fed. R. Civ. P. 4(c)(1), (m). If a defendant is not served within ninety days after the complaint is filed, the court must dismiss the action without prejudice against that defendant or order that service be made within a specified time. Fed. R. Civ. P. 4(m). A defendant must serve an answer within twenty-one days after being served with the summons and complaint, and every defense to the claims raised in the complaint must be asserted in the answer. Fed. R. Civ. P. 12(a)(1)(A)(i), (b). Alternatively, before filing an answer, a defendant may present certain defenses to the complaint by motion, including insufficient service of process. Fed. R. Civ. P. 12(b).

When a party against whom relief is sought fails to plead or otherwise defend the claim, the clerk of the court must enter the party's default. Fed. R. Civ. P. 55(a). After a party's default has been entered, but before the entry of default judgment, the district court may exercise its discretion to set aside the default for "good cause." Fed. R. Civ. P. 55(c); *see Jones v. Harrell*, 858 F.2d 667, 669 (11th Cir. 1988) (stating that Rule 55(c) applies when a judgment has not been entered and provides the court discretion to set aside the entry of default). Although there is no precise standard for evaluating whether good cause exists, courts consider the following factors, without limitation: whether the default was culpable or willful, whether setting the default aside would prejudice the other party, whether the defaulting party presents a meritorious defense,

whether the public interest was implicated, whether the defaulting party suffered significant financial loss, and the defaulting party's promptness in acting to correct the default. *Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996).

## ANALYSIS

First, Defendants correctly contend that service as to the Florida Department of Revenue was insufficient. Under Federal Rule of Civil Procedure 4(j)(2), a "state-created governmental organization," such as the Florida Department of Revenue, may be served by "delivering a copy of the summons and of the complaint to its chief executive officer" or serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2). Defendant argues that service on only the Governor was insufficient, under Rule 4(j)(2)(A), because "[t]he head of the Department of Revenue is the Governor and Cabinet." § 20.21(1), Fla. Stat. Thus, for service to be sufficient, Plaintiff was required to serve process "in the manner prescribed by that state's law." Fed. R. Civ. P. 4(j)(2)(B). Florida law requires that "[i]n any suit in which the Department of Revenue or its successor is a party, process against the department shall be served on the executive director of the department." § 48.111(3), Fla. Stat. This was not accomplished. (See Dkt. 34.) Therefore, service of process on the Florida Department of Revenue was insufficient, and the Motion to quash service is granted.

Further, the Court finds that the State of Florida and the Florida Department of Revenue have demonstrated good cause to set aside their defaults. As to the State of Florida, after service was accepted, the summons and complaint were not forwarded to the correct people based on an inadvertent mistake. (Dkt. 45 at 5–6.) Thus, the default was not willful, but was instead a result

of a mistake.  *See Compania*, 88 F.3d at 951–52.  Next, the State of Florida and the Department of Revenue acted promptly to correct the defaults, filing the Motion within a couple weeks' of entry of default and within two months of service.  *See Meth Lab Cleanup, LLC v. Spaulding Decon, LLC*, No. 8:14-CV-3129-T-30TBM, 2015 WL 729337, at *1 (M.D. Fla. Feb. 19, 2015) (reasoning that defendants' acting promptly to set aside their default "further supports" the conclusion that defendants' default was not willful).  Further, the State of Florida and the Florida Department of Revenue have raised the meritorious defense of immunity from suit under the Eleventh Amendment of the United States Constitution.  *Meth Lab Cleanup*, 2015 WL 729337, at *1 (internal quotations omitted) ("Even a hint of a suggestion of a meritorious defense renders the defense colorable."); *Florida Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993) (explaining that courts view defaults "with disfavor because of the strong policy of determining cases on their merits").  On a related note, the Court agrees with Defendant that the public interest is implicated by having defaults entered on Plaintiff's less than artful pleading.  *See Compania*, 88 F.3d at 951.  Finally, given this short lapse in time and the early stages of this case, the Court finds that setting aside the default would not prejudice Plaintiff.  *Theiss v. Giove Law Office, P.C.*, No. 8:08-CV-356-T-17MSS, 2008 WL 2323911, at *3 (M.D. Fla. June 5, 2008) ("[Plaintiff] will not be prejudiced by vacating of the default. Rather, resolving the case will merely be delayed."); *see Lake James Assocs., Inc. v. Summit Techs., L.L.C.*, No. 806CV-692T-17TBM, 2006 WL 2789144, at *2 (M.D. Fla. Sept. 26, 2006) (explaining that establishing prejudice is showing more than "[m]ere delay," but "that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion").

Therefore, in consideration of the applicable factors, the Court concludes that good cause has been shown and that setting aside the defaults is warranted.  Accordingly, it is

**ORDERED** that Defendants the State of Florida's and the Florida Department of Revenue's Motion to Vacate Default as to Defendants State of Florida and Florida Department of Revenue and/or Quash Service as to Defendant Florida Department of Revenue (Dkt. 45) is **GRANTED**. Plaintiff shall have twenty (20) days from the date of this Order to serve the Florida Department of Revenue.

**DONE** and **ORDERED** in Tampa, Florida, on March 28, 2017.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Party